

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRAVIS MICHAEL DYSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0142 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS and
TO DENY RESPONDENT'S MOTION TO DISMISS**

Petitioner TRAVIS MICHAEL DYSON, a state prisoner currently confined in the Clements Unit in Potter County, Texas, has filed with this Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that the petition should be DENIED.

I.
PROCEDURAL HISTORY

On September 19, 1985, petitioner was convicted, in the 40th Judicial District Court of Ellis County, Texas, of the offenses of murder and was assessed a 35-year sentence in each case, said sentences to run concurrently. *See State v. Dyson*, Cause Nos. 15,323 and 15,324. On January 22, 1991, petitioner was released from confinement to parole with a scheduled discharge date of May

29, 2020. On September 29, 1993, petitioner's parole was revoked.[1] On June 2, 1994, petitioner was returned to confinement with jail credit allowed from August 29, 1993.[2] Petitioner's return to confinement date was subsequently adjusted to June 6, 1993, and petitioner's discharge date was changed to October 10, 2022.

On November 27, 2002, petitioner was released from confinement to mandatory supervised release. On August 31, 2004, he was arrested pursuant to a pre-revocation warrant. On January 5, 2005, a revocation hearing was held during which petitioner admitted violating a condition of his release. Petitioner did not challenge the neutrality of the Hearing Officer at the hearing. State Records, Vol. I, p. 93. Both the Field Officer and the Hearing Officer recommended petitioner's supervised release be revoked. On January 12, 2005, the Board of Pardons and Paroles revoked petitioner's supervised release. On January 31, 2005, TDCJ-CID determined petitioner was ineligible for the award of "street time" under the new version of Texas Government Code § 508.283(b) (referenced as House Bill 1649) and changed petitioner's discharge date to July 13, 2024. State Records, Vo. I, p. 103. On February 7, 2005, petitioner was returned to prison confinement.[3] Petitioner alleges that "upon his return to prison," he discovered respondent had "arbitrarily extended his maximum expiration date to 2024, thus adding the two years he was on mandatory supervision to the maximum expiration date which, in effect, has [petitioner] serving a 39 year sentence instead of the 35 years he was sentenced to by the court."

---

[1] Petitioner's release was revoked based on, *inter alia*, his commission of the offense of possession of a controlled substance which constituted a violation of his conditions of release. Petitioner was subsequently convicted of the possession offense on October 15, 1993 and assessed a 5-year sentence.

[2] Petitioner was denied street time of 2 years, 7 months, and 7 days for an unsatisfactory term of parole.

[3] Petitioner was given jail credit from August 31, 2004, and was denied street time of 1 year, 9 months, and 4 days for an unsatisfactory term of mandatory supervision.

On July 11, 2005, the Classification and Records office of TDCJ-CID received a "time credit dispute resolution form from [petitioner] concerning time credits." Respondent's Motion to Dismiss, Ex. B. On January 6, 2006, petitioner filed a state habeas application with the Texas Court of Criminal Appeals raising the same grounds he raises in the instant federal habeas petition. The form state habeas petition included the following question:

> If you are presenting a claim for time credit, have you presented the claim to the time credit resolution system of the Texas Department of Criminal Justice – Institutional Division?

State Court Records, Vol. 1, p. 24. In response to this question, petitioner responded "yes" and explained "no decision [had been] rendered." On January 7, 2006, the Classification and Records Office had held petitioner's time credit dispute for 180 days from their date of receipt without response.

On March 7, 2006, the state trial court entered Findings of Fact and Conclusions of Law in petitioner's state habeas proceeding wherein it found petitioner had "not provided any evidence that he [had] presented a time credit claim to the dispute resolution system" and that petitioner was "precluded from raising the time credit issue by Section 501.0081 of the Texas Government Code." State Records, Vol. 1, p. 111-12. Even so, the trial court found petitioner was not entitled to time credit for the time he was released on parole or mandatory supervision because his offenses of conviction, *i.e.*, murder, were among those offenses excluded from receiving such credit.

On March 9, 2006, the Classification and Records Office "responded to [petitioner] that there was no error in his current time calculations." Respondent's Motion to Dismiss, Exhibit B. On April 26, 2006, the Texas Court of Criminal Appeals dismissed petitioner's state habeas application without written order, citing Texas Government Code § 501.0081(b)-(c). On June 4,

2006, petitioner filed the instant federal habeas application.

## II.
## GROUNDS

By the instant habeas application, petitioner appears to allege he has been denied due process because:

1. TDCJ-CID has unconstitutionally extended his sentence;

2. Petitioner is being required to serve his sentence in installments; and

3. Petitioner was denied a fair revocation hearing from a neutral and detached hearing body.

## III.
## MOTION TO DISMISS

On December 4, 2006, respondent filed a motion to dismiss petitioner's habeas application as time-barred or, in the alternative, for failure to exhaust state court remedies. As the undersigned is recommending petitioner's federal habeas claims be denied on the merits, respondent's motion to dismiss should be denied.

## IV.
## MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

## A.
### Extended Sentence

Petitioner argued respondent is unconstitutionally extending his sentence because his maximum expiration date, which was originally calculated as May 29, 2020, was changed to October 10, 2022 after the revocation of his parole, and again to July 13, 2024 after the revocation of his mandatory supervision. Petitioner initially appears to argue he is constitutionally entitled to flat time, or calendar time, for the period of time he was out-of-prison on conditional release, and that respondent's failure to credit his sentence with such time is in violation of his federal constitutional rights. Such claim is without merit.

A state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). If granted early release, a Texas conditional release violator has no constitutional right, as a matter of federal due process, to credit on his sentence for time spent on parole or mandatory supervision. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5 Cir.1997); *Newby v. Johnson,* 81 F.3d 567, 569 (5 Cir.1996); *Hamill v. Wright*, 870 F.2d 1032, 1036-37 (5 Cir.1989); *Starnes v. Cornett,* 464 F.2d 524, 524 (5 Cir.1972). Consequently, petitioner has no state or corresponding federal constitutional right to street time credit. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5 Cir.2001); *Morrison v. Johnson,* 106 F.3d 127, 129 (5 Cir.1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution). Petitioner therefore does not have a liberty interest grounded in the federal Due Process Clause itself that would require respondent to credit petitioner with the street time he spent on parole. Petitioner has failed to state a federal constitutional violation entitling him to federal

habeas relief with regard to this time.

Similarly, Texas statutory law in effect at the time of petitioner's conditional release to and revocation of parole did not allow a sentence to be credited for the time from the date of the person's release to the date of revocation. *See* Tex. Gov't Code Ann. § 508.283(a)(2)(c) (1991 & 1993). Certain offenders who have had their parole or mandatory supervision revoked on or after September 1, 2001, however, may be entitled to credit for a portion of time they spent on parole or mandatory supervision. *See Ex parte Spann*, 132 S.W.3d 390, 392 (Tex.Crim.App. 2004). To the extent, if any, petitioner is arguing he is entitled to "street time" under Texas Government Code § 508.283 for the periods he was on his unsatisfactorily-completed parole and mandatory supervision, petitioner is not entitled to federal habeas relief. Texas law in effect when petitioner was released to mandatory supervision provided:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b). Section 508.149(a) describes the offense of murder as one of the offenses that is ineligible to receive credit for time spent on supervised release. The state trial court, on state habeas review, made the legal conclusion that petitioner is not entitled to time credit for the time he was released on parole or mandatory supervision. With regard to legal issues adjudicated on the merits in state court proceedings, federal habeas corpus relief should not be granted unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "The state court's application of the law must be 'unreasonable'

in addition to being merely 'incorrect.'" *Caldwell v. Johnson*, 226 F.3d 367, 372 (5th Cir. 2000). Petitioner has failed to show the state trial court's decision was unreasonable and is not entitled to federal habeas relief.

Petitioner also appears to be arguing he has been denied due process because his 35-year sentence should be discharged thirty-five (35) straight calendar years after the date his sentence was imposed. Petitioner's sentence was imposed on September 19, 1985, and petitioner was given credit for 110 days served prior to the date of sentencing. Consequently, his sentence begin date is May 29, 1985. Thirty-five years from such date is May 29, 2020, petitioner's original maximum expiration date. Petitioner's sentence will not be discharged on May 29, 2020 simply because that date is thirty-five (35) from petitioner's sentence begin date. In order for petitioner to fully discharge his sentence, he must serve a total of 35 <u>calendar</u> years either in prison, on successfully completed conditional release (parole or mandatory supervision), or a combination of both. Petitioner did not successfully complete either of his conditional releases and, as set forth previously, his sentence will not be credited with that time. Inmate timeslips provided by petitioner indicate petitioner's maximum sentence date is currently set for July 13, 2024. Petitioner has not demonstrated this date is in error or that he is entitled to relief.

### B.
### Installments

Petitioner, citing the state case of *Ex Parte Morris*, also contends his "sentence must be continuous" and that he cannot be required to serve his sentence in installments. Petitioner appears to be arguing respondent's failure to credit his sentence with calendar time for the "street time" served during his unsatisfactory conditional releases results in his sentence being served in

installments, In *Morris*, the Court of Criminal Appeals held: "A sentence must be continuous and a prisoner or inmate cannot be required to serve his sentence in installments, unless it is shown that a premature or unlawful release of the prisoner or inmate resulted or occurred through some fault on the part of the prisoner or inmate." *Morris,* 626 S.W.2d 754, 757-58 (Tex.Crim.App. 1982). This case held that if a prisoner or inmate is released through no fault of his own, he is entitled to credit on his sentence for the time spent at liberty. Petitioner is not entitled to relief on this claim. First, petitioner is making an argument under state law rather than federal constitutional law. Secondly, *Ex Parte Morris* involved an inmate who was <u>erroneously</u> released from prison. Petitioner was not "erroneously released" to conditional release. Petitioner's claim is without merit and should be denied.

### C.
### Revocation Hearing

Lastly, petitioner argues he was denied due process during the revocation hearing because he was denied a "neutral and detached hearing body such as a traditional parole board." Specifically, petitioner contends the hearing body in the revocation process, which consisted of petitioner's parole officer and a hearing officer, did not amount to a traditional parole board. Petitioner contends the parole officer was directly involved in his case and prejudiced against petitioner, and that the hearing officer had a professional relationship with the parole officer compromising his neutrality.

The hearing officer and field officer, after the hearing, did make recommendations to revoke petitioner's supervised release, however, the decision to revoke was ultimately made by two (2)

members of the parole board.[4]  Petitioner was not denied a neutral and detached hearing body and, in fact, was provided review by a traditional parole board.  Petitioner's claim is without merit and should be denied.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner TRAVIS MICHAEL DYSON be DENIED, and that Respondent's Motion to Dismiss be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 31st day of August 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[4] One board member voted to continue petitioner's supervision.

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\R&R\DYSON-142-TIME:2

10